# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**INHANGUARA MARINHO DOS SANTOS,**

**Plaintiff,**

**-vs-**                                          **Case No.  6:10-cv-1947-Orl-28KRS**

**SPIRIT DELIVERY & DISTRIBUTION
SERVICES INC.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PARTIES JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 72)** |
| **FILED:** | **October 25, 2012** |

## I.     PROCEDURAL HISTORY.

Plaintiff Inhanguara Marinho Dos Santos alleged that Defendant Spirit Delivery &

Distribution Services Inc. ("Spirit") and other defendants failed to pay him overtime compensation

in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and breached the

contract of employment.  Doc. No. 1.  The claims against Spirit have been resolved by a settlement

that is memorialized in a "General Release" in which Dos Santos acknowledges have received

$10,000.00 from Spirit. Doc. No. 72 at 6-7.  Dos Santos and Spirit seek a finding that the settlement is fair and reasonable.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.  In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.  If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

### III.    ANALYSIS.

In answers to the Court's interrogatories, Dos Santos averred that he was owed $10,400.00 in unpaid overtime compensation and an equal amount of liquidated damages for a total of $20,800.00.  Doc. No. 27 at 3.  Under the settlement, Dos Santos will receive $5,900.00, and his lawyer will receive $4,100.00 in fees and costs.  Doc. No. 72 at 3.  Therefore, Dos Santos has compromised his claim.[2]

Dos Santos represents, through counsel, that he voluntarily agreed to this amount in light of the disputes about FLSA coverage; the computation of overtime worked; and, whether the Defendant had knowledge of the overtime worked.  Doc. No. 72 at 3.  Another factor considered was Dos Santos's need for money at the present time rather than at the completion of litigation and the uncertainty of prevailing against Defendant at trial. *Id.* Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

Because Dos Santos has compromised his FLSA claim, the Court must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Dos Santos agreed to accept.  Counsel states that the attorney's fee was separately negotiated from Plaintiff's recovery.  Doc. No. 72 at 2.  When the attorney's fees were agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court

---

[2]  The parties represent that Dos Santos is receiving all of the overtime compensation he is due and some of the liquidated damages he claimed.  The Court need not resolve the discrepancy between the answers to the Court's interrogatories and the representations in the motion because Dos Santos has compromised his claim in either scenario.

will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, the settlement appears reasonable on its face and there is no reason to believe that Dos Santos's recovery was adversely affected by the amount of fees paid to his attorney. Therefore, the Court may approve this settlement without considering the reasonableness of the attorney's fees.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

## IV.  RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1.  **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2.  **GRANT** the Parties' Joint Motion for Approval of Settlement, Doc. No. 72;

3.  **PROHIBIT** counsel for Plaintiff from withholding any portion of the $5,900.00 payable to Plaintiff under the settlement pursuant to a contingent fee agreement or otherwise;

4.  **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5.  **DISMISS** the case with prejudice; and,

6.    **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 1, 2012.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy